# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRILL TAYLOR** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-CV-286-WHA-CSC** |
| | ) | |
| **CITY OF MONTGOMERY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND SPECIAL REPORT

**COMES NOW**, the Defendant, City of Montgomery, by and through undersigned counsel, and pursuant to this Honorable Court's Order of April 15, 2021, (Doc. 4), hereby submits the following Answer and Special Report:

## EXHIBITS

**Exhibit 1**- Motion to Revoke Bond and Order Revoking Bond in Montgomery County Circuit Court CC-2019-951, State of Alabama v. Terrill Taylor

**Exhibit 2**- Affidavit of Capt. D.J. Wizorek

**Exhibit 3**- Search Warrant

**Exhibit 4**- Affidavit, Warrant of Arrest, Complaint, and Request for Excessive Bond

**Exhibit 5**- Montgomery County Grand Jury Indictment

**Exhibit 6**- US District Court Grand Jury Indictment

## PLAINTIFF'S ALLEGATIONS

On or about April 14, 2021, Plaintiff filed a pro se Complaint against the City of Montgomery appearing to claim an illegal search and seizure of his property. (Doc. 1). In his complaint, Plaintiff claims that on May 9, 2019, Lt. David Wizorek conducted a search of

Plaintiff's home at 3488 Wilmington Road, Montgomery, Alabama without first securing a search warrant for his residence. Plaintiff also alleges that in March or April other officers kicked in the door of the same home.

## FACTS

1. Plaintiff is currently incarcerated in the Montgomery City Jail. Plaintiff was released on bond for the charges that arose out of the search warrant at subject of lawsuit. However, Plaintiff's bond was revoked on December 10, 2020, by Montgomery County Circuit Judge James Anderson. (Ex. 1, Motion to Revoke Bond and Order Revoking Bond in Montgomery County Circuit Court CC-2019-951, *State of Alabama v. Terrill Taylor*). The basis of revocation was based on Plaintiff picking up new charges. That revocation does not appear to have any relation to the allegation in the present lawsuit.

2. On May 7, 2019, Capt. Wizorek with the Montgomery Police Department received information of a crime from Sgt. Davis with the Montgomery Sherriff's Department. The evidence consisted of numerous videos. (Ex. 2, Affidavit of Capt. D.J. Wizorek).

3. After further investigation, Capt. Wizorek, working with the District Attorney's Office, obtained a warrant to search the Plaintiff's residence. The search warrant was approved by Judge Tiffany McCord on May 9, 2019, and executed the same day. (Ex. 2; Ex. 3, Search Warrant).

4. Capt. Wizorek presented an affidavit and warrant to a magistrate which were approved and signed by the magistrate on May 9, 2019. (Ex. 4, Affidavit, Warrant of Arrest, Complaint, and Request for Excessive Bond). Plaintiff was transported to the Montgomery City Jail. Plaintiff initially sought a preliminary hearing in the Montgomery County District Court, but ultimately withdrew that request and the cases proceeded to a

Grand Jury. (See cases no. DC-2019-1123 through DC-2019-1127, *State of Alabama v. Terrill T. Taylor*). On August 30, 2019, a Montgomery County Grand Jury returned an indictment against Plaintiff charging him with the Human Trafficking 1st degree, DV Strangulation/Suffocation, Rape 1st degree, Sexual Abuse 1st degree, and Sexual Extortion. The case was assigned the Circuit Court case number CC-2019-000951. (Ex. 5, Montgomery County Grand Jury Indictment). The criminal case is still pending.[1]

5. Additionally, a Federal Grand Jury convened in the Middle District returned an indictment against Plaintiff filed on October 27, 2020 for Possession of a Firearm by a Convicted Felon, and the case is currently pending in the United States District Court for the Middle District of Alabama, Northern Division, as case number 2:20-cr-00222-ECM-JTA.[2] (Ex. 6, US District Court Grand Jury Indictment).

## ANSWER & AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant did not violate any of the Plaintiff's constitutional rights afforded him under law.

3. Defendant asserts that Plaintiff's claims are frivolous.

4. Defendant asserts that they are immune from civil action under the shields of qualified immunity.

---

[1] A search of the Alabama Trial Court's electronic system, Alacourt.com, indicates that the case is set on the trial docket for June 28, 2021.

[2] A search of the Middle District electronic system, PACER, indicates that the case is set on the criminal term of court set to commence on October 18, 2021.

5. Plaintiff's claim and "factual allegations" in his complaint fail to establish any relevant or material issues or questions of fact.

6. Defendant denies each and every material allegation of the complaint and demand strict proof thereof.

## MEMORANDUM OF LAW SUPPORTING DISMISSAL OF PLAINTIFF'S CLAIMS

## PLAINTIFF'S CLAIM IS BARRED BY MUNICIPAL IMMUNITY DEFENSE

Before the Court can address the search warrant aspect of the claim, first must determine if the Defendant can be sued for such action. Plaintiff must plead and assert that the city has a policy in place that violated his rights. Section 1983 allows persons to sue municipalities acting under the color of state law for violations of the Constitution or other federal law. *Hill v. Cundiff*, 797 F.3d 948, 976. Recently the Court has explained in *McCullough v. City of Montgomery*, No. 2:15-cv-463 (RCL), 2019 U.S. Dist. LEXIS 82069 (M.D. Ala. May 14, 2019):

> "A municipality therefore may be held liable 'only if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law.'" *Hill*, 797 F.3d at 977 (quoting *Denno v. Sch. Bd. of Volusia Cty.*, 218 F.3d 1267, 1276 (11th Cir. 2000)). The municipality must be shown to have "authority and responsibility over the governmental function in issue[,]" and the plaintiff "must identify those officials who speak with final policymaking authority for [the municipality] concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1330 (11th Cir. 2006). Furthermore, The policy or custom must be the "moving force" behind the alleged constitutional torts. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)."

Plaintiff has failed to plead sufficient facts to state a claim against the City of Montgomery. Vicarious liability is inapplicable in a § 1983 claim, Plaintiff therefore must assert the individual government official and through their own action violated it rights of the individual and not just the municipality itself. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiff in this case only specifies the City of Montgomery. Therefore, Plaintiff would have needed to plead that there was a policy created by the City and that was the cause for his rights to be violated. He did not plead such and therefore his claims are due to be dismissed.

## **SEARCH AND SEIZURE**

Moreover, Plaintiff's allegations are, on their face, patently false. He asserts that the search of his residence was conducted without first obtaining a search warrant. As is set out in Capt. Wizorek's affidavit (Ex. 2), he did, in fact, obtain a search warrant signed by Montgomery County District Court Judge prior to the search of the residence. (Ex. 3.)

Finally, Plaintiff does not allege that the warrant was defective, so the City has not undertaken an extensive discussion of the adequacy of the warrant itself. Suffice it to say that the affidavit supporting the issuance of the warrant, a copy of which is attached hereto as (Ex. 3), is adequate to support the issuance of the search warrant. See *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (To obtain a search warrant, there must be a showing of probable cause believing that an offense has been committed and that evidence of said offense exists at the place for which the warrant is requested). Plaintiff does not make any allegations regarding the adequacy of the warrant, or that the warrant was somehow defective or invalid. See *United States v. Lockett*, 533 F. App'x 957, 965 (11th Cir. 2013) (citation omitted) ("When a search is conducted pursuant to a warrant, the burden is on the defendant to show that the warrant is invalid."); see also *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

## **CONCLUSION**

Plaintiff has alleged no set of facts to indicate that his rights were violated or that any actions by any of the named Defendants entitle him to any relief. As such, Defendants

respectfully request that this Court dismiss the Plaintiff's claims and any other relief to which he

may be entitled.

Respectfully submitted this 25th day of May, 2021.

_/s/Brittney Jones_____
BRITTNEY F. JONES
ASB-8852-C73C
Attorney for Defendants

OF COUNSEL:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
Telephone:      334.625.2050
Facsimile:      334.625.2310
brjones@montgomeryal.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2021, a copy of the foregoing has been served upon the following by electronic filing and notification and/or first class mail:

Terrill Taylor
Montgomery City Jail
Post Office Box 159
Montgomery, Alabama 36101
Pro Se

/s/ Brittney Jones
OF COUNSEL



ELECTRONICALLY FILED
12/10/2020 9:05 AM
03-CC-2019-000951.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT, MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CC-2019-951 (JHA)** |
| | ) | |
| **TERRILL TAYLOR** | ) | |
| **Defendant.** | ) | |

## MOTION TO REVOKE DEFENDANT'S BOND

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Daryl D. Bailey, and moves this Honorable Court to revoke the Defendant's bonds in the above referenced case, pursuant to Rule 7.5 of the Alabama Rules of Criminal Procedure. In support of its request, the State shows the following:

1. In August 2019, the Defendant was indicted for one count of Domestic Violence Strangulation/Suffocation, one count of Human Trafficking 1st degree, one count of Sexual Extortion, one count of Sexual Abuse 1st, and one count of Rape 1st degree.

2. The Defendant posted bond for the above-styled case/offenses in May 2019.

3. The Defendant is set for a Status hearing on January 20, 2021 and a Jury Trial on January 25, 2021.

4. While on bond, the Defendant has acquired a new charge for Criminal Possession of a Forged Instrument 3rd degree. A warrant was signed on December 3, 2020.

5. As a mandatory condition of his release, pursuant to Rule 7.3, *Alabama rules of Criminal Procedure,* he was to refrain from committing any criminal offense(s).

WHEREFORE, premises considered, the State of Alabama requests that Defendant's current bond in the above-styled cases be revoked and that the Defendant be held pending the outcome or in the alternative set a hearing for this Court to revoke the Defendant's bond due to the Defendant's new criminal charge.

Respectfully submitted this 9th day of December 2020.

DARYL D. BAILEY
DISTRICT ATTORNEY

**/s/** Marianalyn Dennis
Marianalyn Dennis (DEN043)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was served upon counsel for the Defendant by electronic filing, via Alacourt on this 9th day of December 2020.

DARYL D. BAILEY
DISTRICT ATTORNEY

**/s/**Marianalyn Dennis
MARIANALYN DENNIS (DEN043)
Deputy District Attorney



ELECTRONICALLY FILED
12/10/2020 3:35 PM
03-CC-2019-000951.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | Case No.: CC-2019-000951.00 |
| | ) | |
| TAYLOR TERRILL TREMAYNE | ) | |
| Defendant. | ) | |

## ORDER

This matter having been considered by the Court it is hereby **ORDERED** pursuant to Rule 7.5, Alabama Rules of Criminal Procedure, that any law enforcement officer having contact with the Defendant shall **ARREST** the Defendant **and HOLD** the Defendant in the custody of the Montgomery County Sheriff **pending a hearing on the State's motion to revoke the Defendant's bond.**

**DONE this 10th day of December, 2020.**

**/s/ JAMES H ANDERSON**
**CIRCUIT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRILL TAYLOR** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-CV-286-WHA-CSC** |
| | ) | |
| **CITY OF MONTGOMERY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF CAPT. D.J. WIZOREK

**COMES NOW,** Defendant, City of Montgomery, presents Capt. D.J. Wizorek, pursuant to this Honorable Court's Order (Doc 4.), and having first been duly sworn, hereby testifies as follows:

1. My name is Capt. D.J. Wizorek. I have personal knowledge of the following matters.

2. I have been employed by the City of Montgomery Police Department ("MPD") since 1998. I currently hold the rank of Captain and am an officer in the Assistant Division Commander Patrol Sector-A unit. At the time of events that made the basis of this lawsuit, I was a Lieutenant with the Special Victims unit.

3. As a Montgomery police officer, my duties include the enforcement of criminal laws of this State. I am empowered by the laws of this State to execute warrants and to arrest and take into custody persons who violate the laws of this State.

4. On May 7, 2019, I was contacted by Sgt. J. Davis of the Montgomery County Sheriff's Office Criminal Investigations Division concerning potential evidence he received from a concerned citizen. Following that conversation, I met with Sgt. Davis and reviewed the evidence the videos. The videos were turned over to MPD. The videos appeared to have

the same two individuals. Sgt. Davis informed me of the victim's name, L.B., identified by her relative that sent the videos to Sgt. Davis.

5. Sgt. Davis, Cpl. J. Bolton, and I began to strategize ways to rescue the victim L.B. when we learned that Sgt. Nunn was investigating a domestic violence complaint filed by L.B. against Plaintiff days earlier.

6. Sgt. Nunn scheduled a meeting with the victim and on May 8, 2019, I along with Sgt. Nunn and Sgt. Davis spoke with the L.B. about the contents of the videos. At that time, L.B. confirmed her identity and Plaintiff's identity in the videos, and further confirmed other violence and sexual abuse done towards her and against her will.

7. On May 9, 2019, I secured a warrant for Human Trafficking 1st degree against the Plaintiff.

8. Additionally, I worked with the District Attorney's Office to obtain an excessive bond and search warrant of Plaintiff's residence at 3488 Wilmington Road. The search warrant was presented and approved by Montgomery County District Court Judge Tiffany McCord. The search warrant was executed on Plaintiff's residence on May 9, 2019, using a key that was on Plaintiff's person when he was arrested.

9. Later that morning, I coordinated with Prattville Police Department and the Attorney General's Office, both agencies apart of the Human Trafficking Coalition, to assist with executing the search warrant and forensics if needed.

10. After conducting a safety sweep of the home, MPD Crime Scene documented the scene through photographs. Of note, collected from the scene was a stolen Colt .45 handgun with a handgun with a drum magazine, a .22 American Arms revolver, a Stag Arms 5.56

Assault Rifle, and .22 Ruger Assault Rifle. Also collected from the scene was a DVR camera set up, a laptop computer and desktop, and numerous sex toys.

11. A Montgomery County Grand Jury returned an indictment against Plaintiff on August 30, 2019 for DV Strangulation/Suffocation, Human Trafficking 1st, Sexual Extortion, Sexual Abuse 1st, and Rape 1st degree, and the case is currently pending in Circuit Court.

12. A Federal Grand Jury convened in the Middle District returned an indictment against Plaintiff filed on October 27, 2020 for Possession of a Firearm by a Convicted Felon, and the case is currently pending in the US District Court.

Dated: May 2( , 2021.

_____
Capt. D.J. Wizorek


STATE OF ALABAMA)

COUNTY OF MONTGOMERY)

Before me, the undersigned Notary Public, in and for said state and county, personally appeared Capt. D.J. Wizorek, who is known to me. Having been duly sworn, Capt. D.J. Wizorek testified that the contents of the foregoing are true and correct based upon his personal knowledge.

Date: May 2 , 2021.

_____
Notary Public

My Commission Expires: 8/22/2023

SHEILA A. REYNOLDS
MY COMMISSION EXPIRES
AUGUST 22, 2023
NOTARY PUBLIC
STATE OF ALABAMA

State of Alabama
County of Montgomery
City of Montgomery

THE STATE OF ALABAMA
MONTGOMERY COUNTY
CITY OF MONTGOMERY

# SEARCH WARRANT

FILED IN OFFICE

THIS _____ DAY OF _____, 2011 at _____.

_____
CLERK

TIME ENTERED: _1002_____.
TIME EXITED: _1120_____.
THIS _9_ DAY OF _Aug_, 2018.

_____
SHERIFF OR CHIEF OF POLICE

_____
DEPUTY OR MUNICIPAL OFFICER

Terrill Taylor v. COM    EXHIBIT 3 -    000007

**State of Alabama**
**County of Montgomery**
**City of Montgomery**

AFFIDAVIT: State of Alabama, County of Montgomery, and City of Montgomery.
Before the undersigned personally appeared <u>Lieutenant David J. Wizorek</u> of the Montgomery Police Department who requested a SEARCH WARRANT and in support thereof made the oath as follows:

The ( )Person, ( **X** )**Place** ( )Vehicle to be searched is in the State of Alabama, City of Montgomery, and is described as follows: 3488 Wilmington Road Montgomery, AL 36108. This search of the above named property will include: any evidence that was used or threatened to be used in the commission of a Rape 1st, Sexual Abuse 1st, Domestic Violence Assault, and Strangulation and Human Trafficking 1st, this includes any and all, electronic devices used for recording, cellular telephones, computers (CPU Towers, Lap Tops), DVD's, Electronic Storage devices, firearms, and sexual instruments (sex toys), or any evidence indicating that B/M Terrill Taylor DOB: ███ /81, committed the listed offenses.

The **PROPERTY** to be searched for and seized, if found, is specifically described as: Any and all, electronic devices used for recording, cellular telephones, computers (CPU Towers, Lap Tops), DVD's, Electronic Storage devices, firearms, and sexual instruments (sex toys), or any evidence indicating that B/M Terrill Taylor DOB: 011/10/81, committed the listed offenses.

The **GROUNDS** for search are that the said property:
a.      ( X ) Was, or is expected to be, unlawfully obtained;
b.      ( X ) Was, or is expected to be, used as the means of committing or attempting to commit any offense under the laws of the State of Alabama or any political subdivision thereof;
c.      ( X ) Is, or is expected to be, in the possession of any persons with intent to use it as a means of committing a criminal offense, or is, or is expected to be, in the possession of another to whom that person may have delivered it for the purpose of concealing it or preventing its discovery; or
d.      ( X ) Constitutes, or is expected to constitute, evidence of a criminal offense under the laws of the State of Alabama or any political subdivision thereof.
e.      ( ) The court further finds that a nighttime search is necessary to prevent the loss, destruction, or removal of the objects of said search;
f.      ( ) The court further finds that entry without announcement of authority or purpose is necessary to prevent the loss, destruction, or removal of the objects of said search, and to protect the safety of the peace officers.

The **FACTS** establishing probable cause for the search are:  On May 7, 2019 Sgt. Jeff Davis with the Montgomery County Sheriff's Office contacted Lt. David J. Wizorek Commander of the Montgomery Police Departments Special Victims Unit (SVU) on a possible Human Trafficking, Assault, and Sexual Abuse case. Sgt. Davis advised that a Ms. Holmes sent him video evidence of the possible listed offenses. Ms. Holmes advised that the victim was her ████████████████████ who was staying with a boyfriend that B/M in the area of Wilmington Road, unknown physical address. Sgt. Davis, and Ms. Holmes were concerned for the wellbeing of the female.

Sgt. Davis then responded the MPD SVU and turned the video's over to me for examination.  A review of the three videos was done and graphic evidence of a brutal assault, and sexual offenses was viewed. During the video a B/F ████████████████ is physically assaulted, choked kicked, and stripped naked by a B/M subject. The victim is observed physically upset, crying and trying to protect herself throughout the assault. One of the videos further

**State of Alabama**
**County of Montgomery**
**City of Montgomery**

shows ▮▮▮ being forced to perform oral sex on a plastic penis, as she vaginally inserted a plastic penis. The video shows her in a great state of fear and is crying. The B/M subject is observed filming her with his cellular telephone.

An inquiry of the victim's information in the Montgomery Police Department Data Base found a police report for Domestic Violence was completed by Sgt. Nunn of the Montgomery Police Department Domestic Violence Unit was completed on 5/2/19. The narrative of the report highlights the mentioned physical abuse and lists the B/M as Terrill Taylor DOB ▮▮/81 as the suspect and ▮▮▮▮▮ as the victim.

Contact was made with Sgt. Nunn and she advised that she was currently investigating the case against Terrill Taylor, but that the victim ▮▮▮▮ was extremely afraid of the suspect and would not cooperate with an investigation as she felt further violence and humiliation would be brought upon her. Sgt. Nunn stated that a case was in the process of being presented to the Grand Jury as a way to initiate some judicial proceedings against Taylor. I informed her of the video and requested that she assist in setting up a meeting with the victim. Sgt. Nunn obtained a statement detailing the Sexual Assault (Rape 1st, Sex Abuse 1st) form the victim as well as a detail account of the violence and threats.

On 5/8/19 at 1430 hours Sgt. Davis, Sgt. Nunn and I met the victim ▮▮▮▮ ▮▮ at her place of employment to discuss the case. We informed her that we witnessed the video and where going to offer any protection that was within our means to protect her safety. We advised of possible shelters or helping with lodging if needed. ▮▮▮ then advised that this has taken a toll on her and after consulting friends and family she wanted to proceed with prosecution, however she reiterated that threats of violence and humiliation brought upon her by the suspect Taylor. She stated that he threatened to release the videos to her friends and family if she went to the police.

The above information is based upon the personal knowledge of your affiant, and is made for the purpose of securing a daytime/nighttime SEARCH WARRANT for the 3488 Wilmington Road Montgomery, AL 36108. This search of the above named property will include: any evidence that was used or threatened to be used in the commission of a Rape 1st, Sexual Abuse 1st, Domestic Violence Assault, and Strangulation and Human Trafficking 1st, this includes any and all, electronic devices used for recording, cellular telephones, computers (CPU Towers, Lap Tops), DVD's, Electronic Storage devices, firearms, and sexual instruments (sex toys), or any evidence indicating that B/M Terrill Taylor DOB: 011/10/81, committed the listed offenses.

_____
Affiant

Subscribed to and sworn to before me this 7 day of May 2019 at 0045.

_____
(   ) Municipal Judge, City of Montgomery.
(   ) District Judge, County of Montgomery.
(   ) Circuit Judge, County of Montgomery.

LOCATION OF SEARCH: 3488 Willmington Rd

PAGE ___1___ OF ___1___

| ITEM # | DESCRIPTION AND LOCATION OF PROPERTY | TIME LOCATED | LOCATED BY | PHOTO |
|---|---|---|---|---|
| #1 | (1) one DVR Box | 1026 | | |
| #2 | Sex Toys (Red Purple) / Misc in drawer | 1030 | Morrow | |
| #3 | HP Laptop / Charger | 1030 | Warren | |
| #4 | 22 drum mag + 22 Rifle (Ruger?) | 1040 | | |
| #5 | Stag Arms AR style Rifle | 1043 | | |
| #6 | SD Cards + USB sticks | 1034 | Hunt | |
| #7 | Camera (Black Casio Exilim) | 1034 | Hunt | |
| #8 | 54 Handgun Magazines | 1051 | Wiznick | |
| #9 | 2 boxes of 22 (2) boxes of 9mm Ammunition | 1051 | Wiznick | |
| #10 | 22 American Arms SN: L024845 | 1052 | Wiznick | |
| #11 | Support the Girls DVD | 1055 | Wright | |
| #12 | Sex toy (Pink Butterfly) | 1055 | Morrow | |
| #13 | Samsung Cell phone model sm-N910P | 1059 | Wiznick | |
| #14 | Dell CPU Tower # 1GQMGFI | 119 | Wiznick | |
| #15 | (9) assorted DVD, DVR, CD's | 1102 | Wiznick | |
| #16 | 2 live rounds (1) .22 (1) .45 | 1102 | Morrow | |
| #17 | Colts (.45) SN: 70SC65784 + Extended drum mag (loaded) | 1105 | Wiznick | |
| #18 | Bullet Proof vest (Paca body armor) black | 1107 | Wiznick | |
| #19 | Master bed top drawer Magnum condom Body condom (116) | 1110 | Wiznick | |
| #20 | RF2GB011 2MB (Samsung Vivw tablet) | 1113 | Wiznick | |
| #21 | Novelty handcuffs | 1114 | Wiznick | |
|  | Nothing Follows | | | |

M D 2631

Case # _____

## AFFIDAVIT
### DISTRICT COURT OF MONTGOMERY ALABAMA

**INSTRUCTIONS:** Complete the following information on OFFENSE/OFFENDER

**Offense:** *Human Trafficking 1st degree*

**Defendant's Name:** *B/M, Terrill Tremayne Taylor*  **D.O.B.** ▮▮▮▮

**Defendant's SSN:** ▮▮▮▮▮▮▮ ___ **Height:** *5-10*  **Weight:** *175*

**Defendant's Address:** *3488 Wilmington Road Montgomery, Al 36108 36105*

**Date & Time of Offense:** *4/29/19*

**Place of Occurrence:** *3488 Wilmington Road Montgomery, Al 36108 36105*

**Person or Property Attacked:** ▮▮▮▮▮▮▮

**How Attacked:** *Forced into Sexual Servitude*

**Damage Done or Property Attacked:** *N/A*

**Value of Property:** *N/A*

**Details of Offense:**

*The listed defendant did to wit: force the victim to commit sexual explicit acts through the threats of violence and intimidation while videoing the acts. This is a violation of Alabama State Law 13A-6-152 (1).*

This offense did occur in the City of Montgomery, Montgomery County, and is in violation of Title *13A-6-152 (1)* against the peace and dignity of the State of Alabama.

I make this affidavit for the purpose of securing a warrant against the said *B/M, Terrill Tremayne Taylor* . I understand that I am instituting a criminal proceeding and cannot drop this case. I further understand that if any of the facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and subscribed before me
this ___ day of _May_ 2019 .

_____
Judge - Clerk - Magistrate

_____
Complainant

**WITNESSES:** (Name, Address, Telephone Number)

1) ▮▮▮▮▮▮▮▮▮▮▮▮▮

2) *Lt. David J. Wizorek* ▮▮▮ *Montgomery Police Department* ▮▮▮▮

3) *Sgt. Jeff Davis Montgomery County Sheriffs Office*

# WARRANT OF ARREST
## (Felonies, Misdemeanors, or Violations)

IN THE **DISTRICT** _____     COURT OF **MONTGOMERY,** ALABAMA

*(Circuit, District, or Municipal)*     *(Name of Municipality or County)*

[X] STATE OF ALABAMA     [ ] MUNICIPALITY OF _____

v.   **TERRILL TREMAYNE TAYLOR** _____ , Defendant

## TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

Probable cause has been found on Complaint filed in this Court against **TERRILL TREMAYNE TAYLOR**, charging **Human Trafficking 1st Degree** Section 13A-6-152, Paragraph, Code of Alabama 1975.

| | |
|---|---|
| DEFENDANT: | **TERRILL TREMAYNE TAYLOR** |
| CHARGE: | **Human Trafficking 1st Degree** |
| STATUTE: | **13A-6-152** |
| PARAGRAPH: | **(a)(1)** |

YOU ARE THEREFORE ORDERED to arrest the person named or described above.  You may release the accused person without taking the accused person before a judge or magistrate if the accused person enters into a bond in the amount of **$250,000.00** with two good sureties approved by an authorized officer or by depositing cash or negotable bonds in the amount with the court clerk.

May 09, 2019
_____
Date

_____
Judge/Magistrate/Clerk

| Form C-65 (back)   Rev. 8/98<br>11-000000075 | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) |
|---|---|

## CERTIFICATE OF EXECUTION

I, the undersigned law enforcement officer, certify that I executed the foregoing ARREST WARRANT by arresting the accused person named (or described) therein at _____ o'clock ☐ a.m. ☐ p.m., on the _____ day of _____ , _____ , in _____ COUNTY, ALABAMA.

After arrest, the accused person was:

☐ Released as authorized at _____ o'clock ☐ a.m. ☐ p.m., on the _____ day of _____ , _____ .

☐ Taken before   (☐ Judge)   (☐ Magistrate) at _____ o'clock ☐ a.m. ☐ p.m., on the  day of _____ , _____ .

_____          _____
Date                                                                    Signature/Title/Agency

## IDENTIFICATION OF ACCUSED PERSON

| Name of Defendant<br>TERRILL TREMAYNE TAYLOR | | | | Telephone Number<br>███████ | |
|---|---|---|---|---|---|
| Social Security Number<br>██████ | Date of Birth<br>██████ | Age<br>37 | Race<br>B | Sex<br>M | Height<br>5-10 |
| DL Number<br>████  AL | Weight<br>175 | Hair<br>BLK | Eyes<br>BRN | Other | |
| Address<br>3488 WILMINGTON RD | | City<br>MONTGOMERY | | State<br>AL | Zip Code<br>36105 |
| Name of Employer | | | | Employer's Telephone Number | |
| Address | | City | | State | Zip Code |

## WITNESSES

COMPLAINANT    **DAVID JOSEPH WIZOREK**

WITNESS            **JEFF DAVIS**

# COMPLAINT
## (Felonies, Misdemeanors, or Violations District Court or Municipal Court)

Warrant Number
**2019F000759**

Case Number
**2019F000759**

IN THE      **DISTRICT**      COURT OF   **MONTGOMERY,  ALABAMA**

*(Circuit, District, or Municipal)*            *(Name of Municipality or County)*

[X] STATE OF ALABAMA      [ ] MUNICIPALITY OF   **MONTGOMERY**

v.   **TERRILL TREMAYNE TAYLOR** _____ , Defendant

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath the he/she has probable cause for believing and does believe that **TERRILL TREMAYNE TAYLOR**, Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, commit the offense of **Human Trafficking 1st Degree** within the County of **MONTGOMERY**, or in the police jurisdiction thereof in that he/she did:

**He or she knowingly subjects another person to labor servitude or sexual servitude through use of coercion or deception; or he or she knowingly obtains, recruits, entices, solicits, induces, threatens, isolates, harbors, holds, restrains, transports, provides, or maintains any minor for the purpose of causing a minor to engage in sexual servitude; or a corporation, or any other legal entity other than an individual, may be prosecuted for human trafficking in the first degree for an act or omission only if an agent of the corporation or entity performs the conduct which is an element of the crime while acting within the scope of his or her office or employment and on behalf of the corporation or entity, and the commission of the crime was either authorized, requested, commanded, performed, or within the scope of the person's employment on behalf of the corporation or entity or constituted a pattern of conduct that an agent of the corporation or entity knew or should have known was occurring. Human trafficking in the first degree is a Class A felony and any person who obstructs, or attempts to obstruct, or in any way interferes with or prevents the enforcement of this section shall be guilty of a Class C felony.**

Section  Paragraph 13A-6-152 Code of Alabama 1975, previously adopted, effective and in force at the time the offense was committed.

NOTE:  Is there a companion charge(s) with this Felony/Misdemeanor? YES / NO
If so, please specify companion charge(s)?:

## WITNESSES

**ARRESTING OFFICER:**
**COMPLAINANT:**      DAVID JOSEPH WIZOREK
**WITNESS:**      JEFF DAVIS

Sworn to and Subscribed before 9TH day of May, 2019

_____      _____
Judge/Magistrate/Warrant Clerk            Complainant

Printed: Thursday, May 9, 2019 9:38 am

# REQUEST FOR BOND
## Excessive

| | |
|---|---|
| Case Number | |
| Defendant | **Terrill Taylor** ▮▮▮ |
| Offense | **Human Trafficking 1st** |
| Victim | ▮▮▮▮▮▮▮ |
| Investigator | **Lt. Wizorek** ▮ |
| ~~Magistrate~~ | |
| Bond Requested | **$250,000.00** Bond Given *$250,000.* |

1. Prior convictions or pending cases for crimes of violence.

**6/4/02 Discharging into an Occupied Dwelling
4/9/09 Probation Violation, 6/5/11 Marijuana 1st, 2/7/12
DV 3rd Assault, 4/12/12 DV Strangulation x2, Unlawful
Imprisionment 1st, 4/13/12 Possession of a Firearm with
Altered Serial Number, 2/24/14 DV Strangulation and
Interferance with DV Call, 8/7/16 DV 3rd Harassment,
10/20/17 DV 3rd Harassment.**

2. Known prior bond forfeitures or FTA.

**Unknown**

3. Other factors. (Flight risk, ties to city, etc.)

P.W.M:1123-1127    OHA

G.J No: 08/26/2019 - 230

CC NO. _____

CC NO. CC 19: 951

## THE STATE OF ALABAMA

v.

Terrill Tremayne Taylor, Alias; Terrill T Taylor, Alias
Black Taylor, Alias; Terrell T Taylor, Alias; Terrell
Tremayne Taylor, Alias; Terrill T Taylor, Alias; Terrill
Taylor, Alias; Terrill Tremaune Taylor, Alias; X
Taylor, Alias

B/M

Ht.5'11" Wt.170

3488 Wilmington Rd Montgomery, AL 36105

SID No. 01636859 Arrest Date _____

DV STRANGULATION/SUFFOCATION (x1)
HUMAN TRAFFICKING 1ST DEGREE (x1)
RAPE 1ST DEGREE (x1)
SEXUAL ABUSE 1ST (x1)
SEXUAL EXTORTION (x1)

**DFS Report Info:**

DFS #

Presented in open court by the Foreperson of the
Montgomery County Grand Jury in the presence of
_____ other members of the Grand Jury and filed this
30th day of September 2019.

_____
Circuit Court Clerk

### WITNESSES

3488 Wilmington Rd Montgomery, AL 36105
J (MCSO) Davis
M C S O
11 S PERRY ST MONTGOMERY, AL 36104
K A (MPD) Nunn
320 N. Ripley St. Montgomery, AL 36104
D J (MPD) Wizock
M P D
320 N RIPLEY STREET MONTGOMERY, AL 36104

**A TRUE BILL**

_____
Foreperson of Grand Jury

**BAIL IN THIS CASE IS FIXED AT**

$385,000.00

_____
Judge of Circuit Court of Montgomery County

# THE STATE OF ALABAMA
## MONTGOMERY COUNTY

Circuit Court of Montgomery County, August 2019

Count I: The Grand Jury of Montgomery County charge that, before the finding of this indictment,

Terrill Tremayne Taylor, Alias
Black Taylor, Alias
Terrell T Taylor, Alias
Terrell Tremayne Taylor, Alias
Terrill T Taylor, Alias
Terrill Taylor, Alias
Terrill Tremaune Taylor, Alias
X Taylor, Alias

whose name is otherwise unknown to the Grand Jury, did commit an assault with intent to cause physical harm by intentionally causing or attempting to cause asphyxia by closure or compression of the blood vessels or air passages of the neck by applying external pressure on the neck with his hands and/or arms, and the victim, ███████████ was a person with whom the defendant had a qualified relationship, to-wit, a person with whom the defendant had a dating or engagement relationship within 10 months preceding this event, in violation of section 13A-006-138 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Count II: The Grand Jury of Montgomery County charge that, before the finding of this indictment,

Terrill Tremayne Taylor, Alias
Black Taylor, Alias
Terrell T Taylor, Alias
Terrell Tremayne Taylor, Alias
Terrill T Taylor, Alias
Terrill Taylor, Alias
Terrill Tremaune Taylor, Alias
X Taylor, Alias

whose name is otherwise unknown to the Grand Jury, knowingly subjected another person to labor or sexual servitude through the use of coercion or deception, to-wit: did, with threats of violence and intimidation, force ███████████████ to commit sexually explicit acts, in violation of section 13A-006-152 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Count III: The Grand Jury of Montgomery County charge that, before the finding of this indictment,

Terrill Tremayne Taylor, Alias
Black Taylor, Alias
Terrell T Taylor, Alias
Terrell Tremayne Taylor, Alias
Terrill T Taylor, Alias
Terrill Taylor, Alias
Terrill Tremaune Taylor, Alias
X Taylor, Alias

whose name is otherwise unknown to the Grand Jury, did knowingly cause another person, to-wit: ██████ ██████ to engage in sexual intercourse, deviate sexual intercourse, sexual contact, or in a sexual act, or to produce any photograph, digital image, video, film, or other recording of any person, whether recognizable or not, engaged in any act of sadomasochistic abuse, sexual intercourse, deviate sexual intercourse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct by transmitting any communication containing any threat to injure the body, property, or reputation of any person, in violation of section 13A-006-241 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Count IV: The Grand Jury of Montgomery County charge that, before the finding of this indictment,

Terrill Tremayne Taylor, Alias
Black Taylor, Alias
Terrell T Taylor, Alias
Terrell Tremayne Taylor, Alias
Terrill T Taylor, Alias
Terrill Taylor, Alias
Terrill Tremaune Taylor, Alias
X Taylor, Alias

whose name is otherwise unknown to the Grand Jury, did subject ███████████ to sexual contact by forcible compulsion, in violation of section 13A-006-066 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Count V: The Grand Jury of Montgomery County charge that, before the finding of this indictment,

Terrill Tremayne Taylor, Alias
Black Taylor, Alias
Terrell T Taylor, Alias
Terrell Tremayne Taylor, Alias
Terrill T Taylor, Alias
Terrill Taylor, Alias
Terrill Tremaune Taylor, Alias
X Taylor, Alias

whose name is otherwise unknown to the Grand Jury, did engage in sexual intercourse with a female, to-wit: ███████████ by forcible compulsion, in violation of section 13A-006-061 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Dog D. Barley

District Attorney, Fifteenth Judicial Circuit of Alabama

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
                            )
      v.             )   CR. NO. 2:20CR222-ECM-JTA
                          )   [18 U.S.C. § 922(g)(1)]
                          )
TERRILL TREMAYNE TAYLOR )
                          )   INDICTMENT

The Grand Jury charges:

## COUNT 1
(Possession of a Firearm by a Convicted Felon)

On or about May 9, 2019, in Montgomery County, within the Middle District of

Alabama, the defendant,

## TERRILL TREMAYNE TAYLOR,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, knowingly possessed firearms and ammunition, to wit: a Colt, model

Combat Commander, .45 caliber pistol; a North American Arms, model NAA22, .22 caliber

revolver; a Ruger, model SR-22, .22 caliber rifle; a Stag Arms, model Stag-15, 5.56 caliber rifle;

and live ammunition, better descriptions of which are unknown, and the firearms and

ammunition were in and affecting interstate and foreign commerce, in violation of Title 18,

United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A.     The allegations contained in Count 1 of this Indictment are hereby realleged and

incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United

States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B.     Upon conviction of the offense in violation of Title 18, United States Code,

Section 922 (g)(1), set forth in Count 1 of this Indictment, the defendant,

TERRILL TREMAYNE TAYLOR,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18 United States Code, Section 922 (g)(1). The property includes, but is not limited to, a North American Arms, Model NAA22, .22 caliber revolver, bearing serial number L024845; a Ruger, Model SR-22, .22 caliber rifle, bearing serial number 280-10192; a Stag Arms, Model Stag-15, 5.56 caliber rifle, bearing serial number 32349; a Colt, Model Combat Commander, .45 caliber pistol, bearing serial number 70SC65784; and live ammunition.

      C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

      (1)     cannot be located upon the exercise of due diligence;

      (2)     has been transferred or sold to, or deposited with, a third party;

      (3)     has been placed beyond the jurisdiction of the court;

      (4)     has been substantially diminished in value; or

      (5)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

2

A TRUE BILL:

Foreperson

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

MaryLou E. Bowdre
Assistant United States Attorney

Verne H. Speirs
Assistant United States Attorney

3

Terrill Taylor v. COM    EXHIBIT 6 -    000024