IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRILL TREMAYNE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-00286-RAH-CSC |
| | ) |
| CITY OF MONTGOMERY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On September 3, 2024, the Magistrate Judge recommended that the motions for summary judgment filed by Defendants City of Montgomery ("City") and Captain D.J. Wizorek (doc. 6; doc. 12; doc. 19; doc. 25) be granted and the motions for summary judgment filed by Defendants Deputy J. Boddie and Officer Gray (doc. 39; doc. 62) be granted as to the claims against them in their official capacities but denied as to the claims against them in their individual capacities. (Doc. 82 at 3.) On September 19, 2024, the Plaintiff filed an *Objection to Recommendation* (doc. 83), in which the Plaintiff objected to the Magistrate Judge's recommendation to grant summary judgment in favor of the City and Captain Wizorek.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States*

*v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

First, the Plaintiff objects to the Magistrate Judge's recommendation to grant summary judgment in favor of Defendant Wizorek because in the Plaintiff's Amended Complaint, he stated that he was "suing [] Wizorek in his Official and Individual capacity." (Doc. 83 at 1; *see* doc. 15-1 at 1.) The Court construes this objection as an argument that the Magistrate Judge failed to evaluate the Plaintiff's claims against Defendant Wizorek in one of the two capacities. But the Report and Recommendation contemplated the claims against Defendant Wizorek in both of his capacities. (*See* doc. 82 at 10, 14.) The Magistrate Judge correctly concluded that Defendant Wizorek, a state official, is immune from suit in his official capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Carr v. City of Florence*, 916 F.2d 1521, 1527 (11th Cir. 1990).

And in considering the Plaintiff's claim against Defendant Wizorek in his individual capacity, the Magistrate Judge concluded that the Plaintiff's claim was factually inaccurate. (Doc. 82 at 14.) The Plaintiff claimed that Defendant Wizorek searched his home with an "invalid, defective, and partial search warrant." (Doc. 15-1 at 1.) But after Defendant Wizorek submitted the search warrant into evidence, the Plaintiff only challenged the timing of the warrant's issuance and execution, stating that the warrant was signed after Defendant Wizorek searched the Plaintiff's home. (Doc. 58 at 4.) The search warrant, however, was signed at 0245 (2:45 a.m.), and the search was executed afterwards at 10:02 a.m. (*Id.*; Doc. 58-1; Doc. 58-2.) Accordingly, the Plaintiff's objection to the Magistrate Judge's recommendation to grant summary judgment in Defendant Wizorek's favor will be overruled.

Second, the Plaintiff also objects to the recommendation that summary judgment should be granted in favor of the City because "according to precedent[,] the City can be held vicariously responsible for the actions of its employees who were knowingly intentional and malicious." (Doc. 83 at 2.) For a municipality to be liable for constitutional torts, it must be "actually responsible." *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015) (internal quotations and citation omitted). This means that the constitutional injury must "result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Id.* (internal quotations and citation omitted). In this case, the Plaintiff failed to allege that the City had a custom, practice, or policy that caused his alleged constitutional injury. Therefore, the Plaintiff's objection to the Magistrate Judge's recommendation on this basis is due to be overruled.

Finally, the Plaintiff objects to the evidence of a valid search warrant. Specifically, he states, "[T]he court asked the defendant to show proof of a warrant and all they had was an application." After review of the record, (*see* doc. 25-3 at 3 (search warrant); doc. 25-4 at 2 (arrest warrant)), the Court finds that the evidentiary submissions satisfy proof of the existence of the warrants. Accordingly, the Plaintiff's objection on this basis is due to be overruled as well.

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objections, it is **ORDERED** as follows:

1) The Objections (doc. 83) are **OVERRULED**;

2) The Recommendation of the Magistrate Judge (doc. 82) is **ADOPTED**;

3) The motions for summary judgment filed by the City (doc. 6; doc. 12; doc. 19) are **GRANTED**;

4) The motion for summary judgment (doc. 25) filed by Defendant D.J. Wizorek is **GRANTED**;

5) Defendants City of Montgomery and Captain D.J. Wizorek are **DISMISSED with prejudice** as parties to this action;

6) The Answer and Special Report, which the Court construes as a motion for summary judgment (doc. 39) filed by Defendant Deputy J. Boddie, is **GRANTED in part** as to the Plaintiff's claims against Defendant Boddie in his official capacity and **DENIED in part** as to the Plaintiff's Fourth Amendment claim against Defendant Boddie in his individual capacity;

7) The Answer and Special Report, which the Court construes as a motion for summary judgment (doc. 62) filed by Defendant Gray, is **GRANTED in part** as to the Plaintiff's claims against Defendant Gray in his official capacity and **DENIED in part** as to the Plaintiff's Fourth Amendment claim against Defendant Gray in his individual capacity;

8) This case will be **SET FOR A JURY TRIAL** on Plaintiff's Fourth Amendment claims against Defendants Boddie and Gray in their individual capacities.

**DONE** and **ORDERED** on this the 12th day of February 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE